**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IBRA SARR** <br> ***Petitioner,*** <br><br> **v.** <br><br> **J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al.,** <br> ***Respondents.*** | : | **CIVIL ACTION** <br><br><br><br><br> **No. 26-cv-6811** |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 9, 2026**

Before the Court is Petitioner Ibra Sarr's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (ECF No. 1) and Petitioner's Motion for Judgment (ECF No. 15). Respondents, J.L. Jamison, Warden, Federal Detention Center, Philadelphia; John E. Rife, acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security; and U.S. Department of Homeland Security (collectively, "Respondents") oppose Petitioner's requested relief and seek dismissal of the Petition for failure to exhaust administrative processes. ECF No. 6.

The Court has already granted—and Respondents have provided Petitioner with—a bond hearing. *See* ECF No. 7; *see also* ECF No. 10. Petitioner now seeks a final Judgment on the merits ("Petitioner's Motion for Judgment"). ECF No. 15. For the reasons set forth below, the Court will **GRANT** Petitioner's Motion for Judgment (ECF No. 15), **DENY** the Petition(ECF No. 1), and **CLOSE** the case.

# I. BACKGROUND

## A. Factual Background

Petitioner Ibra Sarr is a fifty (50) year-old noncitizen who was born in Senegal. ECF No. 1 ¶¶ 1, 19. Petitioner left his home country and entered the United States on or about September 2, 2022. *Id.* ¶¶ 1, 19. Petitioner encountered Department of Homeland Security ("DHS") officers shortly after entering the United States. *Id.* ¶ 20. Petitioner was briefly detained and processed by DHS officers before they "released him to live . . . in Philadelphia." *Id.* Thereafter, Petitioner resided in Philadelphia, Pennsylvania where he has "established community." *Id.* Over the last four years that he has been in the United States, Petitioner has "complied with all [of] the conditions of his removal proceedings and immigration release[,]" including attending his required check-ins with U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 21.

On or about September 4, 2026, DHS officials scheduled Petitioner for a check-in at the Philadelphia field office. *Id.* ¶ 22. After appearing for his check-in, Petitioner was taken into custody. *Id.* The Petition followed. ECF No. 1.

## B. Procedural Background

On September 9, 2026, Petitioner filed the Petition. *Id.* Thereafter, the Court directed Petitioner to serve the Petition on Respondents and directed Respondents to respond to the Petition. ECF No. 2. The Court specifically directed Respondents to include the date of Petitioner's bond hearing, if one had been scheduled, in their response. *Id.* Respondents filed a Response in Opposition to the Petition (the "Opposition") as directed. ECF No. 6. In their Opposition, Respondents represented to the Court that a bond hearing had been scheduled based upon Petitioner's election to have an immigration judge review his custody determination. *Id.* at 3; *see also* ECF No. 6-1 ("Notice of Custody Determination") at 1. Following Respondents' Opposition

(ECF No. 6), the Court entered an Order lifting all restrictions on the transfer of Petitioner for the sole purpose of conducting a bond hearing on or before September 24, 2026.[1] ECF No. 7.

Thereafter, the Court Ordered the Parties to file a Joint Status Report informing the Court as to the status of the bond hearing and stating whether any additional proceedings were required. ECF No. 9. In response, Petitioner filed a Motion to Re-Issue Order, seeking a modification of the Court's September 21, 2026 Order (ECF No. 7) ("Petitioner's Motion to Re-Issue"). ECF No. 10. Petitioner submitted that though he was provided with a bond hearing on September 24, 2026, he was seeking an additional hearing due to the apparent failure of his privately retained counsel to attend the hearing, in addition to apparent concerns over the availability of language services for Petitioner during the hearing. *Id.* Petitioner's Motion to Re-Issue (ECF No. 10) was denied, and the Parties were Ordered to provide the Court with a status update. ECF No. 11. Thereafter, the Parties filed a Joint Status Letter stating that "*no further proceedings*" were required in this case. ECF No. 13. Without a live dispute before the Court, the Court lifted all restrictions on Petitioner's location and closed the case. ECF No. 14.

Petitioner now moves the Court for a judgment on the merits of the Petition. ECF No. 15. Respondents do not oppose relief. *Id.* Accordingly, the issue has been fully briefed and will be decided on the basis of the Parties' written submissions.

## II. LEGAL STANDARD

A federal district court can grant habeas relief when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention[,]" *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted), and is "regularly invoked on behalf of noncitizens, particularly in the

[1] The same day, Petitioner filed a reply brief in support of the Petition. ECF No. 8.

immigration context." *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001), *superseded by statute on other grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302. It is the petitioner's burden to demonstrate that he is being detained in violation of the Constitution or federal law. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941). In addition, the Fifth Amendment of the United States Constitution entitles noncitizens to due process of law in immigration and deportation proceedings. *See Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law—that is, a meaningful opportunity to be heard—before being deported.").

## III. <u>DISCUSSION</u>

The Petition seeks Petitioner's release, on the ground that Respondents unlawfully "re-detained" him without proper notice, any material changes in the circumstances, or pre-deprivation process.[2] ECF No. 1 ¶ 2. Petitioner challenges his "re-detention" as violative of his substantive and procedural due process rights as well as the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (the "APA") and the *Accardi* Doctrine. *Id.* ¶¶ 54–85. Petitioner ask this Court to Order his immediate release from detention.[3] *See id.* at 24 ("Prayer for Relief").

### A. Mootness

As an initial matter, Petitioner received a bond hearing as Ordered by this Court. ECF No. 10 at 1. The Parties submitted a Joint Status Letter whereby the Parties informed the Court that,

[2] Petitioner characterizes his detention as a "re-detention." ECF No. 1 ¶ 2. Petitioner asserts that he was previously detained by immigration officials upon his arrival into the United States. *See id.* ¶¶ 1–2, 20.

[3] Petitioner also seeks declarative relief from the Court declaring his continued detention as violative of the APA and the Due Process Clause of the Fifth Amendment. *See* ECF No. 1 at 24 ("Prayer for Relief").

"[n]o further filings shall be made by either party, and no further proceedings shall be required, unless the Court so orders." ECF No. 13. Because there was no longer a live dispute before the Court, the matter was closed. ECF No. 14. Since the Court has not expressly granted or denied the Petition (ECF No. 1), the matter is not yet moot. *See In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003) (quoting *In re Kulp Foundry, Inc.*, 691 F.2d 1125, 1128 (3d Cir. 1982)). The Court may therefore, proceed to address the merits. The Court does so below.

**B. Exhaustion**

In their Opposition, Respondents argue that the Petition must be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing it.[4] *See* ECF No. 6 at 3, 8–12. Respondents explain that they have lawfully detained Petitioner under 8 U.S.C. § 1226(a). *Id.* at 8–12. Petitioner has received a bond hearing. ECF No. 10. Petitioner has not represented or indicated on this record that he has pursued an appeal of his custody determination to the Board of Immigration Appeals (the "BIA") in order to exhaust his administrative remedies.

Before seeking judicial relief, habeas petitioners "are ordinarily required to exhaust their administrative remedies. . . ." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)

[4] The Court notes that much of Respondents' arguments regarding exhaustion focus on Petitioner's opportunity to attend a bond hearing. *See* ECF No. 6 at 6–7. That is, because Petitioner was originally detained at the Philadelphia Federal Detention Center, *id.* at 7, Respondents were unable to provide Petitioner with a bond hearing though he requested one. *Id.* Respondents attached Petitioner's Form I-286, the Notice of Custody Determination to the Opposition, which is signed by Petitioner and checked "I acknowledge receipt of this notification," and "I do request an immigration judge review of this custody determination[,]" indicating that Petitioner "exercised his right to request that an immigration judge review ICE's custody determination." *Id.* at 6; ECF No. 6-1 at 1. In their Opposition, Respondents further submitted to the Court that "DHS has facilitated a bond hearing, which [Petitioner] now awaits." ECF No. 6 at 3. Respondents explained that at the time, due to Petitioner's placement at the Philadelphia Federal Detention Center which does not accommodate bond hearings, Respondents were unable to facilitate the bond hearing until Petitioner was transferred to a different facility. *Id.* at 7. The Court responded by lifting the restrictions on Petitioner's transfer, ECF No. 7, after which time Petitioner was transferred and attended a bond hearing on September 24, 2026. *See* ECF No. 10.

(collecting cases); *see also Zapata-Vargas v. Blanche*, No. CV 26-6691, 2026 WL 2906208, at *2–3 (E.D. Pa. Sept. 28, 2026) (denying the petitioner's habeas petition because the petitioner failed to exhaust his administrative remedies by appealing the decision of an immigration judge to deny him bond to the BIA); *Gomez v. Jamison*, No. CV 26-3879, 2026 WL 1959116, at *3 (E.D. Pa. July 6, 2026) (same). While the Third Circuit has held that exhaustion is "not jurisdictional," exhaustion remains "a *prerequisite* to judicial review that [courts] 'must enforce' if raised by the government." *Mejia Saquic De Julaj v. Att'y. Gen.*, No. 25-2031, 2026 WL 2151152, at *2 (3d Cir. July 27, 2026) (emphasis added) (quoting *Gomez-Gabriel v. Att'y Gen.*, 146 F.4th 327, 330 (3d Cir. 2025)).

As relevant here, § 236 of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1226(a) "and its implementing regulations . . . provide a two-step administrative process by which a[] [noncitizen] may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the [BIA]." *Zapata-Vargas*, 2026 WL 2906208, at *2 (citing *Ubaid v. Jamison*, No. CV 26-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026)); *see also Gomez*, 2026 WL 1959116, at *2 (summarizing the two-step administrative process available under § 1226(a) (citing *Ubaid*, 2026 WL 1346670, at *3)); *cf. Mejia Saquic De Julaj*, 2026WL 2151152, at *2 ("Petitioners may satisfy the exhaustion requirement by submitting the notice of appeal to the BIA, 'provided that the description of [the issues raised] in the notice sufficiently apprises the BIA of the basis for the appeal.'" (alteration in original) (quoting *Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009))).

Here, it is undisputed that Petitioner is being detained under 8 U.S.C. § 1226(a), which allows the Attorney General to "arrest[] and detain[]" a noncitizen "pending a decision on whether

the [noncitizen] is to be removed from the United States[,]" provided that the noncitizen is not subject to mandatory detention under § 1226(c). *See* 8 U.S.C. § 1226(a). Thus, a noncitizen detained under § 1226(a) is permitted to request a bond redetermination hearing before an immigration judge and then, to appeal that decision to the BIA. *See* 8 C.F.R. §§ 236.1(d)(1), (3); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." (citation omitted)); *De Sousa v. Jamison*, No. CV 26-4797, 2026 WL 2097226, at *2 (E.D. Pa. July 21, 2026) (finding that Section 1226(a) "unquestionably entitles [the petitioner] to a bond hearing before an immigration judge" (citations omitted)). That is, an appeal to the BIA is "step two" of the "two-step administrative process" provided by § 1226(a) and its implementing regulations. *See Zapata-Vargas*, 2026 WL 2906208, at *2 (citing *Ubaid*, 2026 WL 1346670, at *3); *see also Gomez*, 2026 WL 1959116, at *2.

Upon review, while Petitioner has received a bond hearing, the merits of the Petition are still "not ripe for review" by this Court because Petitioner has not exhausted his administrative remedies. *See, e.g.*, *Zapata-Vargas*, 2026 WL 2906208, at *2; *Gomez*, 2026 WL 1959116, at *3. Other courts in this District have reached the same conclusion that, the "merits of [Petitioner's] claims are not yet ripe for habeas review." *De Sousa*, 2026 WL 2097226, at *2; *see also Ubaid*, 2026 WL 1346670, at *2 ("Petitioner must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court."); *Gomez*, 2026 WL 1959116, at *3 ("Because Petitioner has not yet completed the second step in the administrative review process, he has not exhausted the available administrative remedies." (citation omitted)); *Zapata-Vargas*, 2026 WL 2906208, at *2 ("Because Petitioner has not yet completed the second step of § 1226's review process . . . Petitioner has not exhausted his administrative remedies and his Petition is

therefore not ripe for review by this Court."). Accordingly, the Court will deny the Petition (ECF No. 1). Petitioner is encouraged to utilize step two of the administrative process available to him by pursuing an appeal of his custody determination to the BIA.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's Motion for Judgment (ECF No. 15), deny the Petition (ECF No. 1), and close the case. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**